UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICIA RACELIS,

    Plaintiff,

    v.

EAST BAY INTEGRATED CARE, INC., dba HOSPICE OF THE EAST BAY,

    Defendant.

_____/

No. C 14-1301 PJH

**ORDER GRANTING MOTION TO REMAND**

    Before the court is the motion of plaintiff Patricia Racelis for an order remanding the above-entitled action to the Superior Court of California, County of Contra Costa. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion.

    This is an employment case. Plaintiff Patricia Racelis asserts wage and hour claims, and claims of breach of contract, disability discrimination, failure to accommodate, retaliation, wrongful termination, and unlawful business practices, against defendant East Bay Integrated Care, Inc., d/b/a Hospice of the East Bay ("East Bay").

    The original complaint was filed on February 11, 2014, in Contra Costa Superior Court. All 16 causes of action alleged in the complaint were based entirely on state law, with the exception of the third cause of action for failure to pay overtime in violation of the

Fair Labor Standards Act ("FLSA"), the eleventh cause of action for failure to provide reasonable accommodation in violation of the Americans With Disabilities Act ("ADA"), the twelfth cause of action for retaliation and discrimination in violation of the ADA, and the portion of the thirteenth cause of action alleging retaliation and interference in violation of the Family Medical Leave Act ("FMLA").

On March 20, 2014, East Bay filed a notice of removal, alleging federal question jurisdiction. That same day, East Bay filed an answer to the removed complaint. In early April 2014, in an exchange of emails, plaintiff's counsel proposed, and East Bay's counsel agreed, that the parties would stipulate to a dismissal of the federal claims. Plaintiff's counsel also proposed that they stipulate to remand the case, but East Bay's counsel did not agree.

On April 30, 2014, plaintiff filed a stipulation to dismiss the federal claims (and to amend the complaint accordingly), and proposed order. The court has signed the proposed order, which will be filed by the court concurrently with the filing of this order.

Also on April 30, 2014, plaintiff filed a motion for approval of the stipulated dismissal of the federal claims, and a motion to remand. Plaintiff contends that the dismissal of the federal claims should be treated as a motion for leave to amend, and that the case should be remanded because in the absence of the federal claims, the court lacks subject matter jurisdiction. Plaintiff also asserts that where federal claims have dropped out of the lawsuit in its early stages, and only state law claims remain, it may be an abuse of discretion for the district court to retain the case.

East Bay opposes the motion, asserting that subject matter jurisdiction in a removed case is determined as of the time of removal, and that because the court had subject matter jurisdiction here at the time of removal due to the presence of the federal claims, the court should not remand the case. East Bay also argues that the "balance of factors" favors retaining jurisdiction over the state law claims, and also asserts that plaintiff is attempting to forum-shop or "manipulate the forum."

East Bay is correct that subject matter jurisdiction is determined from the complaint

as of the time of removal, and is unaffected by subsequent amendments. See Sparta Surgical Corp. v. National Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998). In addition, however, while it is true that the district court has discretion to retain jurisdiction over state law claims after the dismissal of federal causes of action that provided the basis for federal question jurisdiction, see Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 2001), it is also true that the court has discretion under 28 U.S.C. § 1367(c) to decline to exercise jurisdiction over the remaining state law claims.

Under 28 U.S.C. § 1367, the district court may decline to exercise supplemental jurisdiction over a claim if

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c); see Smith v. Lenches, 263 F.3d 972, 977 (9th Cir. 2001) (the federal rules make clear that the district court has "discretion to decline to exercise jurisdiction on the state law claims"). As the Supreme Court stated in United Mine Workers v. Gibbs, 383 U.S. 715 (1966), "if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." Id. at 726-27.

The decision to retain jurisdiction or to remand depends on "what will best accommodate the values of economy, convenience, fairness, and comity." Carnegie-Mellon Univ. V. Cohill, 484 U.S. 343, 351 (1988); see also Gibbs, 383 U.S. at 726-27. Remand is particularly appropriate where the case is in the early stage of litigation. Carnegie-Mellon, 484 U.S. at 351.

In this case, nothing has occurred apart from the filing of the complaint, the filing of the notice of removal, the filing of the answer, and the filing of the present motion. The initial case management conference is set for June 18, 2014. East Bay provides no viable explanation as to why the court should retain jurisdiction over a case in which the plaintiff

3

asserts 13 state law causes of action, and no discovery or substantive motion practice has occurred. Accordingly, the court finds that the case must be REMANDED to the Contra Costa Superior Court. The date for the hearing on the motion, previously set for June 4, 2014, is VACATED.

**IT IS SO ORDERED.**

Dated: May 27, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge